R. B. SNOWDEN v. THE MEMPHIS PARK ASSOCIATION AND JOHN ZENT.

LEASEHOLD INTEREST. *Registration.* An execution purchaser of a leasehold interest must take, if at all subject to the conditions of the lease, whether the same was registered or not. He cannot repudiate his purchase of the lease and claim the improvements as personal property with a right to remove them, contrary to the terms of the lease, upon the ground that it was not registered, and this notwithstanding, in the absence of express stipulation, the improvements might not be regarded as fixtures. But he may disclaim all interest under his purchase and avoid further liability on the covenants of the lease.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

15—VOL. 7.

W. W. GOODWIN for complainant.

L. B. McFARLAND for defendants.

McFARLAND, J., delivered the opinion of the court.

This bill was filed the 23d of October, 1877, and alleges that on the 2d of May, 1876, the complainant and Hu. L. Brinkley, by a written lease, rented or leased to the defendant, "The Memphis Park Association," a body of land, consisting of a number of adjacent lots near Memphis, for the period of seven years, beginning the 1st of January, 1876 (before the date of the lease), and extending to the 1st of January, 1883, with the privilege, however, to the lessees to cancel the lease at the end of two years, by paying rents and taxes up to that time. The rent reserved was $306 per annum, or $153 every six months, and in addition the lessees were to pay all taxes and charges upon the land. The lease contained a provision that upon the failure of the lessees to pay the rents and taxes, the lessors should have the right to terminate the lease without notice, and re-enter. It contains the provision, "that at the expiration of the term the party of the second part shall be allowed to remove such improvements as they may have erected during said term, provided all the conditions of the lease have been complied with." The lease was not registered. The complainant subsequently became the owner of Brinkley's interest in the leased premises. Geo. L. Williams & Co. and the defendant, John Zent, each obtained judgments against the Park Association

before justices of the peace—the former on the 20th of September, 1876, and the latter recovered two judgments on the ˙23d of December, 1875. Executions issued on these several judgments, and were returned levied on the leasehold interest, one of said levies being as follows: "Came to hand January, 1877. There being no personal property to be found in my county, I have levied this *fi. fa.*, No. 203 and 204, on all the leasehold interest of the Memphis Park Association in what is known as the Olympic Park, on the Louisville & Nashville Railroad, about one mile from the city, in the Brinkley and Snowden lot division, consisting of the fencing, stable and house and leasehold of said company to said ground, consisting of —— acres of land." The others were substantially the same. The papers in the three several causes were returned to the circuit court, and regular judgments of condemnation entered up in each case. Orders of sale issued, which all came to the hands of the same officer, who proceeded to advertise and give notice as in cases of the sale of real estate, and on the 27th of June, 1877, in the language of his return, "did offer for sale, and did sell, at public outcry to the highest bidder for cash, the real estate herein before mentioned." The defendant John Zent became the purchaser for $250, out of which was first paid the costs and the judgment in favor of Geo. L. Williams & Co., whose execution was first levied, and the remainder applied to the judgments ·in favor of said Zent, which left a balance on his judgments of about $369.05, and on the 23d of August, 1877, the

corporation executed a deed releasing to said Zent whatever remaining interest it might own in the property in consideration of the release of the remainder of Zent's judgments.

At the sale a notice was read from the complainant that he claimed a lien on all the property for rent and taxes. The bill alleges that no part of the rents or taxes had been paid; that the defendant Zent had taken possession of the premises by his tenant, and is about to remove the buildings and improvements put upon the land by said corporation. It is charged that, by virtue of his purchase of the lease, Zent has become liable to the complainant to perform all the covenants of the original lessees, and that he has no right to remove any of the improvements except upon the conditions specified in the lease.

Zent in his answer denies that he ever took possession of or claimed the property under his purchase except the improvements; that these were temporary in their character, in the nature of trade fixtures, and therefore personal property; and his counsel insists that as the complainant's lease was not registered, his lien thereon was not valid against creditors.

The facts agreed to by counsel are, that the Association, after leasing the property, enclosed it with an upright board fence, with the posts set in the ground, and also erected several stables, and a grand stand for spectators to witness the races. The stables and stand were of wood, the posts, or some of them, set in the ground. The grounds were used for a race-track, base ball and other games by the Association

themselves, and also hired for the same purposes to other parties.

By agreement, after the bill was filed, the improvements were sold and the proceeds held subject to the final decree.    The chancellor, in his final decree, held that the complainants had a superior right to the extent of the rents and taxes unpaid, and the amount of these being in excess of the sum realized from the sale of the improvements, the entire proceeds of said sale were decreed to the complainants, and Zent adjudged to pay the costs.    But the chancellor refused to hold Zent further liable on the covenants of the lease, as he disclaimed all interest thereunder. Both parties have appealed.

In behalf of Zent, it is very earnestly argued that the improvements were in the nature of trade fixtures, and therefore personal property of the corporation and liable to seizure under execution by its creditors, and the lien claimed by the complainant being by an unregistered lease, is void as to creditors.

We need not enter into a discussion of the general question of fixtures, and determine whether, in the absence of express stipulations, the improvements in this case would have been movable by the lessees. The character of the improvements, whether fixtures or not, may in general be controlled by the intention with which they were erected and the agreement of the parties.    But the defendant Zent did not cause the improvements in this case to be levied upon and sold as personal chattels.    The levy and all the proceedings had thereunder, including the sales, show that

it was the leasehold interest of the corporation in the land which was levied upon, sold and bought by said defendant. The language of the levy is: "Levied on all the leasehold interest, etc., * * consisting of the fencing, stable and house and leasehold of said company to said ground, consisting of —— acres." The fact that the fencing, stable and house are specially mentioned does not change the character of the levy; it was undoubtedly the entire leasehold interest that was levied upon. This is further made more apparent from the fact that the defendant took the precaution to have a regular judgment of condemnation in the circuit court, and in all respects adopted the course necessary for the sale of real estate. Whether this was necessary for the sale of a leasehold interest for a term of years, it is unnecessary to consider. It at any rate shows how it was understood by the parties, and the sale was not of the separate chattels but of the leasehold interest, including the whole. This being so, it is manifest that the want of registration of the lease is immaterial. The defendant's purchase was the leasehold interest; if the lease was for any reason void, it would be so much the worse for him. Whatever rights the defendant acquired was by virtue of the lease. If he takes under it, he must take subject to its conditions, and therefore he could only have the right to remove the improvements upon the condition specified in the writing, that is, upon performing the covenants of the lease. The defendant cannot be permitted to change his purchase of the leasehold interest into a purchase of the improvements

as chattels merely. If he repudiates his purchase of the leasehold interest, then the result would be that he acquired nothing. We are therefore of opinion that there is no error in the decree of the chancellor against the defendant Zent.

But the complainant has also appealed, and insists that the chancellor erred in refusing to hold Zent liable, as purchaser of the lease, for all rents and taxes that accrued after that date. We are of opinion, however, that said defendant may be permitted to disclaim all interest under his purchase. His answer denies that he took possession of the leased premises or set up any claim thereunder, and there is no proof to overturn his answer; on the contrary, it was admitted that he would testify as a witness in support of his answer, and that this might be taken as his testimony.

The decree of the chancellor will be affirmed, and the costs of this court divided.